*In the United States District Court*
*for the Northern District of Illinois*
*Eastern Division*

| | |
|---|---|
| Dwight Ryan, | |
|     plaintiff, | **11-cv-1257** |
| – v – | Judge Charles Korocas |
| PACE Suburban Bus Division of the Regional Transportation Authority, an Illinois municipal corporation, | Judge Young Kim |
|     defendant. | **Jury trial demanded** |

### First Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Order of May 19, 2011 (doc. #12), plaintiff Dwight Ryan files this First Amended Complaint:

### Nature of action

1. This lawsuit concerns alleged violations of the Family and Medical Leave Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act.

### Parties

2. Plaintiff is Dwight Ryan ("Mr. Ryan").

3. Defendant is PACE Suburban Bus Division of the Regional Transportation Authority, an Illinois municipal corporation.

### Mr. Ryan's employment with defendant

4. In December 1980, defendant hired Mr. Ryan to work in the mail room.

5. Over the next approximately twenty-eight years, defendant promoted Mr. Ryan and gave him many raises.

6. Mr. Ryan's final position with defendant was Inspection Technician.

**Mr. Ryan's first injury results in medical restrictions**

7. Around December 2003, Mr. Ryan was injured in a car accident and was off work for approximately eight months to recover from those injuries.

8. In approximately August 2004, Mr. Ryan returned to work, and defendant learned that Mr. Ryan had medical restrictions because of the effects of those injuries.

9. After Mr. Ryan returned to work with these medical restrictions, Mr. Ryan's manager told Mr. Ryan that Mr. Ryan would never get to a mid-level salary because he "couldn't do what the other guys could do", even though at that time Mr. Ryan had been in his position for 16 or 17 years.

**Mr. Ryan suffers an on-the-job injury**

10. In late January 2008, Mr. Ryan suffered an on-the-job back injury and took short-term disability and Family and Medical Leave Act leave. See, Request for Family or Medical Leave, Certification of Health Care Provider, and Application for Short-Term Disability Benefits, attached to this First Amended Complaint as Exhibits A, B, and C, respectively.

**Defendant retaliates against Mr. Ryan**

11. Around April 2008, an employee of defendant's Human Resources Department accused Mr. Ryan of "doctor shopping". Around that same time, defendant stopped paying Mr. Ryan's short-term disability benefits and cancelled Mr. Ryan's insurance coverage.

12. Then around late June 2008, Mr. Ryan's doctor released Mr. Ryan to return to work with light-duty medical restrictions. See, 6/16/08 Doctor's Note, attached to this First Amended Complaint as Exhibit D.

13. Mr. Ryan was eager to return to work because sitting at home did not distract him from the pain he was in.

14. Some days the pain was so intense that Mr. Ryan was unable to sleep, making it difficult for him to drive 75 miles to work the next morning while sleep-deprived and in pain. See, 8/18/2008 letter from Mr. Ryan, attached to this First Amended Complaint as Exhibit E.

15. Until approximately August 2008, defendant accommodated Mr. Ryan by allowing him to take an unpaid day-off on an "as-needed" basis or to arrive at work later than his designated start time, also on an "as-needed" basis.

16. However, in August 2008 and afterwards, Mr. Ryan's manager began disciplining Mr. Ryan for his arriving late or missing days, even though Mr. Ryan's arriving late or missing days was caused by his being in severe pain and even though Mr. Ryan's manager was reminded of that when he disciplined Mr. Ryan. See, 8/18/2008 letter from Mr. Ryan, Performance Improvement Plan, attached to this First Amended Complaint as Exhibits E and F, respectively.

17. When Mr. Ryan reminded his manager of this medical condition and need for accommodations, his manager responded to Mr. Ryan that Mr. Ryan was "not protected".

18. Defendant also stopped giving Mr. Ryan salary increases even though defendant had given Mr. Ryan yearly salary increases before Mr. Ryan's on-the-job injury.

19. Some of Mr. Ryan's co-workers called Mr. Ryan "crip" (short for cripple), called Mr. Ryan "Bat Masterson" (who walked with a cane), and made other comments that implied that Mr. Ryan was crippled.

20. Defendant knew of these comments made by some of Mr. Ryan's co-workers, but took no steps to stop the comments. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

21. Then around October 2008, defendant told Mr. Ryan that it could not continue accommodating Mr. Ryan's disability and that he needed to go back on short-term disability and/or on Family and Medical Leave Act leave.

22. In response to defendant's request, Mr. Ryan did go back on short-term disability and/or Family and Medical Leave Act leave.

23. Then around December 4, 2008, Mr. Ryan's doctor released Mr. Ryan to return to work.

24. Also in December 2008, defendant told Mr. Ryan's workers compensation lawyer that there was no way defendant would let Mr. Ryan return to work there and that Mr. Ryan had to look for work elsewhere.

25. Instead of allowing Mr. Ryan to return to work, defendant required Mr. Ryan to meet with defendant's company doctor and undergo a functional capacity evaluation.

26. As defendant had requested, Mr. Ryan underwent the functional capacity evaluation, which was held on February 17, 2009.

27. The functional capacity evaluation that defendant had requested required Mr. Ryan to perform tasks that he had never performed in his nearly 20 years as an Inspection Technician. For example, the functional capacity evaluation required Mr. Ryan to manually carry a 50-lb bag of salt about 20 feet at least a dozen times, even though in all his years a an Inspection Technician Mr. Ryan had never manually carried a 50-lb bag of salt that distance, but, instead, had always used a forklift to move a 50-lb bags of salt that distance.

28. Because the functional capacity evaluation required Mr. Ryan to perform this and other tasks that Mr. Ryan had never performed in his nearly 20 years as an Inspection Technician, Mr. Ryan stated throughout the functional capacity evaluation that he was being discriminated against.

**Defendant fires Mr. Ryan and refuses him long-term disability benefits**

29. Defendant chose to fire Mr. Ryan three days after Mr. Ryan had complained at functional capacity evaluation that he was being discriminated against and retaliated against. See, 2/20/09 termination letter attached to this First Amended Complaint as Exhibit G.

30. When defendant fired Mr. Ryan, Mr. Ryan was entitled to additional Family and Medical Leave Act leave and/or would have become entitled to additional Family and Medical Leave Act leave in the near future. See, defendant's policy on Family/Medical Leave attached to this First Amended Complaint as Exhibit H.

˘5˘

**Damages**

31.  As a proximate result of the actions and/or omissions alleged, Mr. Ryan lost his job, lost wages, lost employment benefits, lost then-current and then-future Family and Medical Leave Act rights, and suffered pain.

**Jurisdiction and Venue**

32.  This Court has jurisdiction under §107(a) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12117(a)] (incorporating §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, [42 U.S.C. §2000e-5(f)(3)]), under ¢7(b) of the Age Discrimination in Employment Act of 1967 [29 U.S.C. ¢626(b)], under §107(a)(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2617(a)(2)], and under §§1331 and 1343 of the Judicial Code [28 U.S.C. §§1331 and 1343].

33.  Mr. Ryan worked for the defendant in the Northern District of Illinois, and this cause of action arose in that District. Venue is proper by §107(a) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12117(a)] (incorporating §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, [42 U.S.C. §2000e-5(f)(3)]), and by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

# Count I – FMLA Retaliation

34.  Mr. Ryan realleges paragraphs 1 through 33 of this First Amended Complaint.

**FMLA coverage**

35. During Mr. Ryan's employment with defendant, among other times, defendant was an "employer" within the definition of §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)].

36. From approximately January 2008 through the termination of his employment by defendant, Mr. Ryan was an "eligible employee" within the definition of §101(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)].

**FMLA retaliation**

37. Defendant, by the actions and/or omissions alleged, retaliated against Mr. Ryan and/or discriminated against him for his exercise of his rights under the Family and Medical Leave Act of 1993 in violation of the anti-interference and anti-discrimination provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)] and/or in violation of the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R. §825.220].

**Damages**

38. As a proximate result of this retaliation, Mr. Ryan suffered the damages alleged.

*Wherefore*, plaintiff Dwight Ryan prays for:

a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist him and defendant to settle this case;

b. Wages, employment benefits, and other compensation lost to him as a result of defendant's retaliation against him in violation of the Family and Medical Leave Act of 1993;

c. Prejudgment interest at the prevailing rate from the date he was retaliated against to the date of judgment on the award of wages, employment benefits, and other compensation lost to him as a result of defendant's retaliation against him in violation of the Family and Medical Leave Act of 1993;

d. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of defendant's retaliation against him in violation of the Family and Medical Leave Act of 1993;

e. Reinstatement to his position (or a comparable position) or, in the alternative, pay for such a position for a reasonable time into the future;

f. Reasonable attorney's fees and the costs and expenses of this action; and

g. Such other relief as this Court deems just and appropriate.

## Count II – FMLA Interference

39. Mr. Ryan realleges paragraphs 34 through 36 of this First Amended Complaint.

**FMLA interference**

40. When defendant decided to fire Mr. Ryan, it anticipated or feared that he would use in the future additional leave under the Family and Medical Leave Act of 1993. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

41. Defendant, by firing Mr. Ryan, interfered, in violation of the anti-interference provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)] and/or of the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R. §825.220], with his exercise of his then-current Family and Medical Leave Act rights and/or with his exercise of his then-future Family and Medical Leave Act rights.

**Damages**

42. As a proximate result of this interference, Mr. Ryan suffered the damages alleged.

*Wherefore*, plaintiff Dwight Ryan prays for:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist him and defendant to settle this case;

    b. Wages, employment benefits, and other compensation lost to him as a result of defendant's interference with his rights under the Family and Medical Leave Act of 1993;

    c. Prejudgment interest at the prevailing rate from the date he was retaliated against to the date of judgment on the award of wages, employment benefits, and other compensation lost to him as a result of

        defendant's interference with his rights under the Family and Medical Leave Act of 1993;

    d.    Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of defendant's interference with his rights under the Family and Medical Leave Act of 1993;

    e.    Reinstatement to his position (or a comparable position) or, in the alternative, pay for such a position for a reasonable time into the future;

    f.    Reasonable attorney's fees and the costs and expenses of this action; and

    g.    Such other relief as this Court deems just and appropriate.

## Count III – ADA Discrimination

43.    Mr. Ryan realleges paragraphs 1 through 33 of this First Amended Complaint.

**ADA coverage**

44.    From January 2008 through March 2009, among other times, defendant was an "employer" within the definition of §101(5) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C.§12111].

45.    From January 2008 through March 2009, among other times, Mr. Ryan was an "employee" of defendant's within the definition of §101(4) of the Americans with Disabilities Act of 1990 [42 U.S.C. §12111(4)] and a "qualified

individual with a disability" within the definition of §101(8) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C. §12111(8)].

**Fulfillment of conditions precedent to the bringing of this ADA claim**

46. Mr. Ryan timely filed with the EEOC a Charge of Discrimination (#440-2010-01228) alleging, among other things, violations of the Americans with Disabilities Act. A true and correct copy of that Charge of Discrimination is attached to this First Amended Complaint as Exhibit I.

47. More than 180 days have passed since the filing of that Charge and Mr. Ryan has received from the EEOC and from the Department of Justice Notices of Right to Sue for that Charge, attached to this First Amended Complaint as Exhibits J and K, respectively.

48. Mr. Ryan has fulfilled all conditions precedent to the bringing of this claim under the Americans with Disabilities Act of 1990, as amended.

**ADA Discrimination**

49. Defendant, by the actions and/or omissions alleged, discriminated against Mr. Ryan in violation of the Americans with Disabilities Act in the terms and conditions of his employment.

**Damages**

50. As a proximate result of this retaliation, Mr. Ryan suffered the damages alleged.

*Wherefore*, plaintiff Dwight Ryan prays for:

a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist him and defendant to settle this case;

b. An order requiring defendant to post notices concerning its duty to refrain from discriminating against its employees in violation of the Americans with Disabilities Act;

c. An order enjoining defendant from discriminating against its employees in violation of the Americans with Disabilities Act;

d. Lost wages, employment benefits, and other compensation lost to him as a result of defendant's discriminating against him in violation of the Americans with Disabilities Act;

e. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him as a result of defendant's discriminating against him in violation of the Americans with Disabilities Act;

f. Compensatory damages for the harm he suffered as a result of defendant's discriminating against him in violation of the Americans with Disabilities Act;

g. Reinstatement to his position (or a comparable position) or, in the alternative, pay for such a position for a reasonable time into the future;

h. Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

i. Such other relief as this Court deems just and appropriate.

## Count IV – ADA Retaliation

51. Mr. Ryan realleges paragraphs 43 through 48 of this First Amended Complaint.

52. Defendant, by the actions and/or omissions alleged, retaliated against Mr. Ryan in violation of the Americans with Disabilities Act of 1990.

53. As a proximate result of this retaliation, Mr. Ryan suffered the damages alleged.

**Wherefore**, plaintiff Dwight Ryan prays for:

   a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist him and defendant to settle this case;

   b. An Order requiring defendant to post notices concerning its duty to refrain from retaliating against its employees in violation of the Americans with Disabilities Act;

   c. An Order enjoining defendant from retaliating against its employees in violation of the Americans with Disabilities Act;

   d. Reinstatement him to his position (or a comparable position) or, in the alternative, to pay him for such a position for a reasonable time into the future;

   e. Back pay, employment benefits, and other compensation lost to him as a result of defendant's retaliating against him in violation of the Americans with Disabilities Act;

    f.        Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him as a result of defendant's retaliating against him in violation of the Americans with Disabilities Act;

    g.        Compensatory damages for the harm he suffered as a result of defendant's retaliating against him in violation of the Americans with Disabilities Act;

    h.        Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

    i.        Such other relief as this Court deems just and appropriate.

## Count V - Age Discrimination

54.        Mr. Ryan realleges paragraphs 1 through 33 of this First Amended Complaint.

**ADEA coverage**

55.        From January 2008 through March 2009, among other times, defendant was an "employer" as defined by ç11(b) of the Age Discrimination in Employment Act, as amended [29 U.S.C. ç630(b)].

56.        From January 2008 through March 2009, among other times, Mr. Ryan was an "employee" as defined by ç11(f) of the Age Discrimination in Employment Act, as amended [29 U.S.C. ç630(f)].

**Fulfillment of conditions precedent to the bringing of this ADEA claim**

57. Mr. Ryan timely filed with the EEOC a Charge of Discrimination (#440-2010-01228) alleging, among other things, age discrimination. A true and correct copy of that Charge of Discrimination is attached to this First Amended Complaint as Exhibit I.

58. More than 60 days have passed since the filing of that Charge.

59. Mr. Ryan has fulfilled all conditions precedent to the bringing of this claim under the Age Discrimination in Employment Act of 1967, as amended.

**Age Discrimination**

60. Defendant, by its acts and/or omissions alleged, discriminated against Mr. Ryan in the terms and conditions of his employment on the basis of his age.

61. As a proximate result of this age discrimination, Mr. Ryan suffered the damages alleged.

62. Defendant, by its acts and/or omissions alleged, willfully violated the Age Discrimination in Employment Act of 1967, as amended.

*Wherefore,* plaintiff Dwight Ryan prays for,

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist him and defendant settle this case;

    b. Lost wages, employment benefits, and other compensation lost to him as a result of defendant's discriminating against him on the basis of his age;

c. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him as a result of defendant's discriminating against him on the basis of his age;

d. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of defendant's discriminating against him on the basis of his age;

e. Reinstatement to his position (or a comparable position) or, in the alternative, pay for such a position for a reasonable time into the future;

f. Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

g. Such other relief that this Court deems just and appropriate.

## Count VI - ADEA Retaliation

63. Mr. Ryan realleges paragraphs 54 through 59 of this First Amended Complaint.

64. Defendant, by the actions and/or omissions alleged, retaliated against Mr. Ryan for opposing age discrimination in the terms and conditions of his employment in violation of the Age Discrimination in Employment Act.

65. As a proximate result of this retaliation, Mr. Ryan suffered the damages alleged.

*Wherefore,* plaintiff Dwight Ryan prays for:

a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist him and defendant to settle this case;

˘16˘

b. Lost wages, employment benefits, and other compensation lost to him as a result of defendant's retaliation;

c. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him as a result of defendant's retaliation;

d. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of defendant's retaliating against him for opposing age discrimination;

e. Reinstatement to his position (or a comparable position) or, in the alternative, pay for such a position for a reasonable time into the future;

f. Compensatory damages for the harm he suffered as a result of defendant's retaliating against him in violation of the Age Discrimination in Employment Act;

g. Exemplary damages;

h. Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

i. Such other relief that this Court deems just and appropriate.

Dwight Ryan,
plaintiff,

David L. Lee
LAW OFFICES OF DAVID L. LEE
ARDC #1604422
53 W. Jackson Blvd., Suite 505          By: ˍˍˍ/s/ David L. Lee
Chicago, IL 60604                David L. Lee,
d-lee@davidleelaw.com             His Attorney
312-347-4400