UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DWIGHT RYAN, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) 11 C 1257 ) |
| PACE SUBURBAN BUS DIVISION OF THE REGIONAL TRANSPORTATION AUTHORITY, an Illinois municipal corporation, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Defendant Pace Suburban Bus Division of the Regional Transportation Authority ("Pace") to dismiss the First Amended Complaint of Plaintiff Dwight Ryan ("Ryan") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted in part and denied in part.

### BACKGROUND[1]

In December 1980, Ryan began working for Pace. At the time of the relevant events, Pace employed Ryan as an Inspection Technician. Around December 2003, Ryan was injured in a car accident which rendered him unable to work for

---

[1] For purposes of the motion to dismiss, we accept the allegations in the Defendant's First Amended Complaint as true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

approximately eight months. Around August 2004, Ryan returned to work with medical restrictions. After Ryan returned to work, his manager informed him that he would never receive a mid-level salary because he "couldn't do what the other guys could do."

Ryan was injured again in late January 2008, when he suffered an on-the-job back injury. Because of this injury, Ryan received short-term disability benefits and took leave under the Family and Medical Leave Act (the "FMLA"). Around late June 2008, Ryan's doctor authorized him to return to work with light-duty medical restrictions. On occasion, Ryan's pain was so intense that he was unable to sleep and, thus, unable to drive seventy-five miles to work the following morning. Because of Ryan's pain and inability to sleep, Pace allowed him to take an unpaid day off or arrive at work later than his designated start time. However, sometime during August 2008, Pace began disciplining Ryan for missing days or arriving late. When Ryan reminded his manager of his medical condition and need for accommodations, his manager said that Ryan was "not protected."

Around October 2008, Pace informed Ryan that it could not continue accommodating his disability and encouraged Ryan to again receive short-term disability benefits and take leave under the FMLA. Ryan took Pace's advice.In December 2008, Ryan's doctor permitted him to return to work. However, around that same time, Pace told Ryan's attorney that Ryan could not return to work. Pace then

required Ryan to meet with Pace's company doctor and undergo a functional capacity evaluation. On February 17, 2009, Ryan completed the functional capacity evaluation and, throughout the evaluation, stated that he was being discriminated against because he was asked to perform tasks that he had never performed as an Inspection Technician. On February 20, 2009, Pace terminated Ryan because, according to the evaluation, Ryan was unable to perform the normal work requirements of an Inspection Technician and had exhausted his short-term benefits.

On December 9, 2009, Ryan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On February 22, 2011, Ryan filed a complaint and, on May 19, 2011, Ryan filed his First Amended Complaint, alleging claims under the FMLA (Counts I and II), Americans with Disabilities Act (the "ADA") (Counts III and IV), and the Age Discrimination in Employment Act (the "ADEA") (Counts V and VI). Pace now moves to dismiss all claims.

## LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but requires more than legal conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the complaint must contain sufficient

facts to state a claim for relief that is plausible on its face. *Id.* at 570. In ruling on a motion to dismiss, a court accepts the well-pleaded allegations in the complaint as true, construes the allegations of the complaint in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

## DISCUSSION

### I.  Statute of Limitations: FMLA Claims

Pace contends that Ryan's FMLA claims are barred by the statute of limitations. A plaintiff must file an FMLA claim within two years of the last event constituting the alleged violation. 29 U.S.C. § 2617(c)(1). To compute a time period stated in days or a longer unit of time, we "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1). Washington's Birthday is a "legal holiday." Fed. R. Civ. P. 6(a)(6)(A); 5 U.S.C. § 6103(a) (setting aside the third Monday in February to observe Washington's Birthday).

Here, the last event constituting the alleged violation is Ryan's termination from Pace's employment, which occurred on February 20, 2009. Based on the two-year statute of limitations for an FMLA claim, the statutory period expired on February 20,

2011. Since February 20, 2011, fell on a Sunday and February 21, 2011, fell on a legal holiday, Washington's Birthday, Ryan had until Tuesday, February 22, 2011, to file his FMLA claims. Since Ryan filed his original complaint on February 22, 2011, Ryan's FMLA claims are timely.

## II.     Time-Barred Acts: ADA and ADEA Claims

Pace contends that Ryan's ADA and ADEA claims primarily rely on time-barred acts. A plaintiff can sue under the ADA or ADEA only if he or she files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004); 42 U.S.C. § 12117(a) (incorporating certain timing and filing requirements in Title VII, 42 U.S.C. § 2000e-5). Only discriminatory acts occurring within the 300-day filing period are actionable. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002) (discussing actionable acts for Title VII claim). A plaintiff may rely on prior acts as background evidence in support of a timely claim. *Id.*

Since Ryan filed his charge of discrimination on December 9, 2009, his ADA and ADEA claims may be based on any alleged unlawful employment practice occurring on or after February 12, 2009 (i.e., 300 days before December 9, 2009). Since Ryan alleges that Pace discriminated against him during the functional capacity evaluation on February 17, 2009, and terminated his employment on February 20, 2009, Ryan

supports his ADA and ADEA claims with alleged unlawful employment practices occurring within the 300-day filing period.

## III. Failure to State a Claim

Pace argues that Ryan fails to plead sufficient facts to state a claim for FMLA retaliation, FMLA interference, ADA discrimination, ADA retaliation, ADEA discrimination, or ADEA retaliation.

### A. FMLA Claims

The FMLA prohibits employers from discharging or otherwise discriminating against any individual for opposing any practice made unlawful by the FMLA. 29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(a)(2). To state a claim for FMLA retaliation, the plaintiff must allege the following: (1) he or she engaged in a statutorily protected activity; (2) he or she suffered an adverse action; and (3) a causal link between the protected activity and the adverse action. *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011).

Ryan alleges facts demonstrating that he engaged in a statutorily protected activity by requesting and taking leave under the FMLA from late January 2008 until late June 2008 and from October 2008 until an unspecified date. *See, e.g., Caskey v. Colgate Palmolive Co.*, 535 F.3d 585, 593 (7th Cir. 2008) (finding that plaintiff engaged in activity protected by the FMLA by requesting and taking leave). Ryan

further alleges that he suffered an adverse action when Pace terminated him on February 20, 2009. However, Ryan fails to allege facts demonstrating a causal link between the protected activity and the adverse action. In other words, Ryan alleges no facts demonstrating that Pace terminated him because he took leave under the FMLA. Rather, the facts alleged demonstrate that Pace encouraged Ryan to take leave and later terminated him because he could not adequately perform his job with his disability. Specifically, around October 2008, Pace encouraged Ryan to take leave because it could not continue to accommodate his disability and then terminated him on February 20, 2009, after he, according to the functional capacity evaluation, failed to perform the normal work requirements of an Inspection Technician. Because Ryan alleges no facts indicating that Pace terminated him because he took leave under the FMLA, the Court dismisses Ryan's claim for FMLA retaliation.

The FMLA also prohibits employers from interfering with, restraining, or denying the exercise of a right under the FMLA. 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220(a)(1). To state a claim for FMLA interference, the plaintiff must allege the following: (1) the employee was eligible for FMLA protection; (2) the employer was covered by the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee provided sufficient notice of his intent to take FMLA leave; and (5) the

employer denied the employee FMLA benefits to which he or she was entitled. *Righi v. SMC Corp.*, 632 F.3d 404, 408 (7th Cir. 2011).

Ryan properly alleges facts supporting the first four elements, since he took leave under the FMLA around October 2008. *See, e.g., Goezler v. Sheboygan County, Wis.*, 604 F.3d 987, 993 (7th Cir. 2010) (finding first four elements undisputed where plaintiff took leave under the FMLA). As to the last element for a claim of FMLA interference, an employer can interfere with an employee's benefits by firing the employee to prevent him or her from exercising the right to return to his or her prior position.[2] *Id.* Ryan alleges that, in December 2008, his doctor approved him for work, but that Pace told Ryan's attorney that he could not return to work. Ryan further alleges that Pace, in an attempt to prevent Ryan from returning to work, forced him to undergo a functional capacity evaluation, which required Ryan to perform tasks he did not need to perform as an Inspection Technician. Finally, Ryan alleges facts demonstrating that the employer prevented him from exercising his right to reinstatement by terminating his

---

[2] An employee's right to reinstatement, however, is not absolute. *Goezler*, 604 F.3d at 993. An employee is not entitled to return to his or her former position if he or she would have been fired regardless of whether he or she took leave. *Id.*; 29 U.S.C. § 2614(a)(3)(B); 29 C.F.R. § 825.216(a) (stating that an employer must show that the employee would not otherwise have been employed at the time reinstatement is required). "If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition or an injury or illness . . . the employee has no right to restoration to another position under the FMLA." 29 C.F.R. § 825.216(c).

position.  Because Ryan states a plausible claim for FMLA interference, the Court denies Pace's motion to dismiss.

### B. ADA Claims

The ADA prohibits certain employers from discriminating against a qualified individual with a disability because of his or her disability. 42 U.S.C. § 12112(a). To state a claim for ADA discrimination, the plaintiff must allege the following: (1) a disability under the ADA; (2) he or she is qualified to perform the essential functions of the job either with or without reasonable accommodation; and (3) he or she suffered from an adverse employment action because of the disability. *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1115 (7th Cir. 2001).

A plaintiff is disabled under the ADA if an impairment substantially limits one or more major life activities. 42 U.S.C. § 12102(1). Major life activities include sleeping, lifting, and working. 42 U.S.C. § 12102(2). Ryan alleges a disability under the ADA by stating that pain from his back injury substantially limits his ability to sleep so that he, on occasion, cannot drive seventy-five miles to work in the morning. Ryan further alleges that, with reasonable accommodation, he was qualified to perform the essential functions of his job. For instance, Ryan alleges that he was able to use a forklift to transport heavy items and permitted to take a day off, without pay, when he was unable to drive to work because he could not sleep the night before. Finally, Ryan

alleges facts demonstrating that Pace terminated his employment because of his disability. In particular, Pace encouraged Ryan to take leave because it could no longer accommodate his disability and then informed Ryan's attorney that Ryan could not return to work, even after Ryan received authorization from his doctor. Because Ryan alleges a plausible claim for ADA discrimination, Pace's motion to dismiss is denied.

The ADA also prohibits employers from discriminating against an employee because the employee has opposed any act or practice made unlawful by the ADA. 42 U.S.C. § 12203(a). To state a claim for ADA retaliation, the plaintiff must allege the following: (1) he or she engaged in a statutorily protected activity; (2) he or she suffered an adverse action; and (3) a causal link between the protected activity and the adverse action. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 690 (7th Cir. 2010). An informal complaint may constitute protected activity for an ADA retaliation claim. *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009).

Ryan alleges that he complained of discrimination during the functional capacity evaluation, just three days before Pace terminated him. Since the termination shortly followed Ryan's complaint of discrimination, the allegations demonstrate a plausible connection between the protected activity and the adverse action. Accordingly, Ryan alleges a plausible claim for ADA retaliation and the Court denies Pace's motion to dismiss.

C. **ADEA Claims**

The ADEA prohibits an employer from discriminating against an individual because of such individual's age or against an employee for opposing any practice made unlawful by the ADEA. 29 U.S.C. § 623(a), (d). Ryan alleges no facts, not even his age, to plausibly demonstrate that the ADEA applies or that Pace discriminated, or retaliated, against him because of his age. Accordingly, the Court dismisses Ryan's ADEA claims.

**CONCLUSION**

For the foregoing reasons, this Court grants Pace's motion to dismiss Ryan's claims for FMLA retaliation, ADEA discrimination, and ADEA retaliation, and denies Pace's motion to dismiss Ryan's claims for FMLA interference, ADA discrimination, and ADA retaliation.

_____
Charles P. Kocoras
United States District Judge

Dated:   August 8, 2011