**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DWIGHT RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-01257 |
| | ) | |
| PACE SUBURBAN BUS DIVISION OF THE | ) | |
| REGIONAL TRANSPORTATION AUTHORITY, | ) | |
| an Illinois municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant, Pace Suburban Bus Division of the Regional Transportation Authority ("Pace"), by and through its attorneys Thomas G. Draths and Clare J. Quish of Schuyler, Roche & Crisham, P.C., and for its Answer to Plaintiff's First Amended Complaint, states as follows:

**Nature of the Action**

     1.    This lawsuit concerns alleged violations of the Family and Medical Leave Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act.

**ANSWER:** **Pace admits that this lawsuit includes allegations purportedly made pursuant to the Family Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"), but denies that this action is brought pursuant to the Age Discrimination in Employment Act.**

**Parties**

     2.    Plaintiff is Dwight Ryan ("Mr. Ryan").

**ANSWER:** **Pace admits the allegation contained in this Paragraph.**

     3.    Defendant is PACE Suburban Bus Division of the Regional Transportation Authority, an Illinois municipal corporation.

1

**ANSWER:** **Pace denies that it is an Illinois municipal corporation, but admits that its proper name is Suburban Bus Division of the Regional Transportation Authority d/b/a Pace.**

## Mr. Ryan's Employment with Defendant

4.     In December 1980, defendant hired Mr. Ryan to work in the mail room.

**ANSWER:** **Pace admits that it hired Mr. Ryan in December 1980 as a messenger in the personnel department and denies the remaining allegations contained in this Paragraph.**

5.     Over the next approximately twenty-eight years, defendant promoted Mr. Ryan and gave him many raises.

**ANSWER:** **Pace admits that Mr. Ryan changed positions within Pace and received salary increases, but denies the remaining allegations contained in this Paragraph.**

6.     Mr. Ryan's final position with defendant was Inspection Technician.

**ANSWER:** **Pace admits that Mr. Ryan worked for Pace as an Inspection Technician, but denies the remaining allegations contained in this Paragraph.**

## Mr. Ryan's First Injury Results in Medical Restrictions

7.     Around December 2003, Mr. Ryan was injured in a car accident and was off work for approximately eight months to recover from those injuries.

**ANSWER:** **Pace admits that Mr. Ryan was off of work from December 2003 to August 2004, but denies the remaining allegations contained in this Paragraph.**

8.     In approximately August 2004, Mr. Ryan returned to work, and defendant learned that Mr. Ryan had medical restrictions because of the effects of those injuries.

**ANSWER:** **Pace admits that Mr. Ryan returned to active employment with Pace in August 2004, but denies the remaining allegations contained in this Paragraph.**

9.     After Mr. Ryan returned to work with these medical restrictions, Mr. Ryan's manager told Mr. Ryan that Mr. Ryan would never get to a mid-level salary because he "couldn't

2

do what the other guys could do," even though at that time Mr. Ryan had been in his position for 16 or 17 years.

**ANSWER:** **Pace denies the allegations contained in this Paragraph.**

## Mr. Ryan suffers an on-the-job injury

10. In late January 2008, Mr. Ryan suffered an on-the-job back injury and took short-term disability and Family and Medical Leave Act leave. See, Request for Family or Medical Leave, Certification of Health Care Provider, and Application for Short-Term Disability Benefits, attached to this Complaint as Exhibits A, B, and C, respectively.

**ANSWER:** **Pace admits that between January and April 2008, Mr. Ryan was off work and exhausted his FMLA leave, sick time and vacation days. Pace further answers that Exhibits A, B and C attached to Plaintiff's First Amended Complaint are the best evidence of their content. Pace denies the remaining allegations contained in this Paragraph.**

## Defendant Retaliates against Mr. Ryan

11. Around April 2008, an employee of defendant's Human Resources Department accused Mr. Ryan of "doctor shopping." Around that same time, defendant stopped paying Mr. Ryan's short-term disability benefits and canceled Mr. Ryan's insurance coverage.

**ANSWER:** **Pace admits that in April 2008, Mr. Ryan had exhausted his FMLA leave and sick vacation days and that his short-term disability benefits were suspended pending the results of an Independent Medical Evaluation. Pace denies the remaining allegations contained in this Paragraph.**

12. Then around late June 2008, Mr. Ryan's doctor released Mr. Ryan to return to work with light-duty medical restrictions. See, 6/16/08 Doctor's Note, attached to this First Amended Complaint as Exhibit D.

**ANSWER:** **Pace admits that on June 16, 2008, one of Mr. Ryan's doctors released him to return to light to moderate duty work and noted that Mr. Ryan could progress to moderate duty work. Pace further answers that Exhibit D attached to Plaintiff's First Amended**

3

**Complaint is the best evidence of its content. Pace denies the remaining allegations contained in this Paragraph.**

13.     Mr. Ryan was eager to return to work because sitting at home did not distract him from the pain he was in.

**ANSWER:     Pace lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in this Paragraph.**

14.     Some days the pain was so intense that Mr. Ryan was unable to sleep, making it difficult for him to drive 75 miles to work the next morning while sleep-deprived and in pain. See, 8/18/2008 letter from Mr. Ryan, attached to this First Amended Complaint as Exhibit E.

**ANSWER:     Pace lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in this Paragraph. Pace further states that Exhibit E attached to Plaintiff's First Amended Complaint is the best evidence of its content.**

15.     Until approximately August 2008, defendant accommodated Mr. Ryan by allowing him to take an unpaid day-off on an "as-needed" basis or to arrive at work later than his designated start time, also on an "as-needed" basis.

**ANSWER:     Pace admits the allegations contained in this Paragraph.**

16.     However, in August 2008 and afterwards, Mr. Ryan's manager began disciplining Mr. Ryan for his arriving late or missing days, even though Mr. Ryan's arriving late or missing days was caused by his being in severe pain and even though Mr. Ryan's manager was reminded of that when he disciplined Mr. Ryan. See, 8/18/2008 letter from Mr. Ryan, Performance Improvement Plan, attached to this First Amended Complaint as Exhibits E and F, respectively.

**ANSWER:     Pace admits that Mr. Ryan was cautioned and counseled about his repeated absences in August 2008. Pace further states that Exhibits E and F attached to Plaintiff's First Amended Complaint are the best evidence of their content. Pace denies the remaining allegations contained in this Paragraph.**

17.     When Mr. Ryan reminded his manager of this medical condition and need for accommodations, his manager responded to Mr. Ryan that Mr. Ryan was "not protected."

**ANSWER:     Pace denies the allegations contained in this Paragraph.**

4

18.     Defendant also stopped giving Mr. Ryan salary increases even though defendant had given Mr. Ryan yearly salary increases before Mr. Ryan's on-the-job injury.

**ANSWER:     Pace denies the allegations contained in this Paragraph.**

19.     Some of Mr. Ryan's co-workers called Mr. Ryan "crip" (short for cripple), called Mr. Ryan "Bat Masterson" (who walked with a cane), and made other comments that implied that Mr. Ryan was crippled.

**ANSWER:     Pace lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in this Paragraph.**

20.     Defendant knew of these comments made by some of Mr. Ryan's co-workers, but took no steps to stop the comments.  The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

**ANSWER:     Pace denies the allegations contained in this Paragraph.**

21.     Then around October 2008, defendant told Mr. Ryan that it could not continue accommodating Mr. Ryan's disability and that he needed to go back on short-term disability and/or on Family and Medical Leave Act leave.

**ANSWER:     Pace admits that Pace returned Mr. Ryan to short term disability beginning November 3, 2008.  Pace denies the remaining allegations contained in this Paragraph.**

22.     In response to defendant's request, Mr. Ryan did go back on short-term disability and/or Family and Medical Leave Act leave.

**ANSWER:     Pace admits that Pace returned Mr. Ryan to short term disability beginning November 3, 2008, but denies the remaining allegations contained in this Paragraph.**

23.     Then around December 4, 2008, Mr. Ryan's doctor released Mr. Ryan to return to work.

**ANSWER:     Pace denies the allegations contained in this Paragraph.**

24.     Also in December 2008, defendant told Mr. Ryan's workers compensation lawyer that there was no way defendant would let Mr. Ryan return to work there and that Mr. Ryan had to look for work elsewhere.

**ANSWER:     Pace denies the allegations contained in this Paragraph.**

765277

25.    Instead of allowing Mr. Ryan to return to work, defendant required Mr. Ryan to meet with defendant's company doctor and undergo a functional capacity evaluation.

**ANSWER:    Pace admits that Mr. Ryan was required to undergo a full functional capacity evaluation by an independent medical examiner.    Pace denies the remaining allegations contained in this Paragraph.**

26.    As defendant had requested, Mr. Ryan underwent the functional capacity evaluation, which was held on February 17, 2009.

**ANSWER:    Pace admits that Mr. Ryan underwent a functional capacity evaluation on February 17, 2009, and denies the remaining allegations contained in this Paragraph.**

27.    The functional capacity evaluation that defendant had requested required Mr. Ryan to perform tasks that he had never performed in his nearly 20 years as Inspection Technician.  For example, the functional capacity evaluation required Mr. Ryan to manually carry a 50-lb. bag of salt about 20 feet at least a dozen times, even though in all his years as an Inspection Technician Mr. Ryan had never manually carried a 50-lb. bag of salt that distance, but, instead, had always used a forklift to move a 50-lb. bags of salt that distance.

**ANSWER:    Pace denies the allegations contained in this Paragraph.**

28.    Because the functional capacity evaluation required Mr. Ryan to perform this and other tasks that Mr. Ryan had never performed in his nearly 20 years as an Inspection Technician, Mr. Ryan stated throughout the functional capacity evaluation that he was being discriminated against.

**ANSWER:    Pace denies the allegations contained in this Paragraph.**

**Defendant Fires Mr. Ryan and refuses him long-term disability benefits**

29.    Defendant chose to fire Mr. Ryan three days after Mr. Ryan had complained at functional capacity evaluation that he was being discriminated against and retaliated against.  See, 2/20/09 termination letter attached to this Complaint as Exhibit G.

**ANSWER:    Pace states that Exhibit G attached to Plaintiff's First Amended Complaint is the best evidence of its content.    Pace denies the remaining allegations contained in this Paragraph.**

30.    When defendant fired Mr. Ryan, Mr. Ryan was entitled to additional Family and Medical Leave Act leave and/or would have become entitled to additional Family and Medical

6

765277

Leave Act leave in the near future.  See, defendant's policy on Family/Medical Leave attached to this Complaint as Exhibit H.

**ANSWER:     Pace states that Exhibit H attached to Plaintiff's First Amended Complaint is the best evidence of its content.  Pace states that the allegations in this Paragraph are legal conclusions which require no answer.**

## Damages

31.     As a proximate result of the actions and/or omissions alleged, Mr. Ryan lost his job, lost wages, lost employment benefits, lost then-current and then-future Family and Medical Leave Act rights, and suffered pain.

**ANSWER:     Pace denies the allegations contained in this Paragraph.**

## Jurisdiction and Venue

32.     This Court has jurisdiction under §107(a)(2) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12117(a)] (incorporating §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, [42 U.S.C. §2000e-5(f)(3)]), under C7(b) of the Age Discrimination in Employment Act of 1967 [29 U.S.C. c626(b)], under §107(a)(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2617(a)(2)], and under §§1331 and 1343 of the Judicial Code [28 U.S.C. §§1331 and 1343].

**ANSWER:     Pace admits that jurisdiction arises under the FMLA and ADA and denies all remaining allegations contained in this Paragraph.**

33.     Mr. Ryan worked for the defendant in the Northern District of Illinois, and this cause of action arose in that District.  Venue is proper by §107(a) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12117(a)] (incorporating §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, [42 U.S.C. §2000e-5(f)(3)]), and by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

**ANSWER:     Pace admits the allegations contained in this Paragraph.**

34.     Mr. Ryan realleges paragraphs 1 through 33 of this First Amended Complaint.

**ANSWER:     Pace incorporates its responses to Paragraphs 1 through 33 as though fully set forth herein.**

## FMLA Coverage

765277

35.     During Mr. Ryan's employment with defendant, among other times, defendant was an "employer" within the definition of §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)].

**ANSWER:     Pace states that this Paragraph contains legal conclusions which require no answer.  To the extent the allegations of this Paragraph may be deemed to be allegations of fact, they are admitted.**

36.     From approximately January 2008 through the termination of his employment by defendant, Mr. Ryan was an "eligible employee" within the definition of §101(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)].

**ANSWER:     Pace states that the allegations in this Paragraph are legal conclusions which require no answer.**

## Count II – FMLA Interference

39. Mr. Ryan realleges paragraphs 34 through 36 of this First Amended Complaint.

**ANSWER:     Pace incorporates its responses to Paragraphs 34 through 36 as though fully set forth herein.**

### FMLA Interference

40.     When defendant decided to fire Mr. Ryan, it anticipated or feared that he would use in the future additional leave under the Family and Medical Leave Act of 1993.   The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

**ANSWER:     Pace denies the allegations contained in this Paragraph.**

41.     Defendant, by firing Mr. Ryan, interfered, in violation of the anti-interference provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)] and/or of the Department of Labor's anti-retaliation and anti-discrimination regulations [29 C.F.R. §825.220], with his exercise of his then-current Family and Medical Leave Act rights and/or with his exercise of his then-future Family and Medical Leave Act rights.

**ANSWER:     Pace denies the allegations contained in this Paragraph.**

### Damages

42.     As a proximate result of this interference, Mr. Ryan suffered the damages alleged.

765277

**ANSWER:**    **Pace denies the allegations contained in this Paragraph.**

WHEREFORE, Defendant, Pace Suburban Bus Division of the Regional Transportation Authority denies that Plaintiff Dwight Ryan is entitled to judgment in any amount whatsoever and respectfully requests that this Court enter judgment in favor of Defendant, Pace Suburban Bus Division of the Regional Transportation Authority, and against Plaintiff, Dwight Ryan, and grant such other and further relief as this Court deems just and proper.

## Count III – ADA Discrimination

43.    Mr. Ryan realleges paragraphs 1 through 33 of this First Amended Complaint.

**ANSWER:**    **Pace incorporates its responses to Paragraphs 1 through 33 as though fully set forth herein.**

### ADA Coverage

44.    From January 2008 through March 2009, among other times, defendant was an "employer" within the definition of §101(5) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C. §12111].

**ANSWER:**    **Pace admits the allegations contained in this Paragraph.**

45.    From January 2008 through March 2009, among other times, Mr. Ryan was an "employee" of defendant's within the definition of §101(4) of the Americans with Disabilities Act of 1990 [42 U.S.C. §126111(4)] and a "qualified individual with a disability" within the definition of §101(8) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C. §12111(8)].

**ANSWER:**    **Pace states that the allegations in this Paragraph are legal conclusions which require no answer.   To the extent the allegations of this Paragraph may be deemed to be allegations of fact, they are denied.**

### Fulfillment of conditions precedent to the bringing of this ADA claim

46.    Mr. Ryan timely filed with the EEOC a Charge of Discrimination (#440-2010-01228) alleging, among other things, violations of the Americans with Disabilities Act.  A true and correct copy of that Charge of Discrimination is attached to this First Amended Complaint as Exhibit I.

765277

**ANSWER:** Pace states that Exhibit I to Plaintiff's First Amended Complaint is the best evidence of its content. Pace denies the remaining allegations contained in this Paragraph.

47.     More than 180 days have passed since the filing of that Charge and Mr. Ryan has received from the EEOC and from the Department of Justice Notices of Right to Sue for that Charge, attached to this First Amended Complaint as Exhibits J and K, respectively.

**ANSWER:** Pace states that Exhibits J and K to Plaintiff's First Amended Complaint are the best evidence of their content. Pace denies the remaining allegations contained in this Paragraph.

48.     Mr. Ryan has fulfilled all conditions precedent to the bringing of this claim under the Americans with Disabilities Act of 1990, as amended.

**ANSWER:** Pace denies the allegations contained in this Paragraph.

**ADA Discrimination**

49.     Defendant, by the actions and/or omissions alleged, discriminated against Mr. Ryan in violation of the Americans with Disabilities Act in the terms and conditions of his employment.

**ANSWER:** Pace denies the allegations contained in this Paragraph.

**Damages**

50.     As a proximate result of this retaliation, Mr. Ryan suffered the damages alleged.

**ANSWER:** Pace denies the allegations contained in this Paragraph.

WHEREFORE, Defendant, Pace Suburban Bus Division of the Regional Transportation Authority denies that Plaintiff Dwight Ryan is entitled to judgment in any amount whatsoever and respectfully requests that this Court enter judgment in favor of Defendant, Pace Suburban Bus Division of the Regional Transportation Authority, and against Plaintiff, Dwight Ryan, and grant such other and further relief as this Court deems just and proper.

# Count IV – ADA Retaliation

10

765277

51.     Mr. Ryan realleges paragraphs 43 through 48 of this First Amended Complaint.

**ANSWER:     Pace incorporates its responses to Paragraphs 43 through 48 as though fully set forth herein.**

52.     Defendant, by the actions and/or omissions alleged, retaliated against Mr. Ryan in violation of the Americans with Disabilities Act of 1990.

**ANSWER:     Pace denies the allegations contained in this Paragraph.**

53.     As a proximate result of this retaliation, Mr. Ryan suffered the damages alleged.

**ANSWER:     Pace denies the allegations contained in this Paragraph.**

WHEREFORE, Defendant, Pace Suburban Bus Division of the Regional Transportation Authority denies that Plaintiff Dwight Ryan is entitled to judgment in any amount whatsoever and respectfully requests that this Court enter judgment in favor of Defendant, Pace Suburban Bus Division of the Regional Transportation Authority, and against Plaintiff, Dwight Ryan, and grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Pace Suburban Bus Division of the Regional Transportation Authority

By:     /s/ Thomas G. Draths
        One of Its Attorneys

Thomas G. Draths (ARDC # 3127901)
Clare J. Quish (ARDC # 6272898)
SCHUYLER, ROCHE, & CRISHAM, PC
130 East Randolph Street, Suite 3800
Chicago, Illinois 60601
(312) 565-2400

765277