**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DWIGHT RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-cv-01257 |
| ) | |
| PACE SUBURBAN BUS DIVISION OF THE ) | |
| REGIONAL TRANSPORTATION AUTHORITY, ) | Honorable Charles P. Kocoras |
| an Illinois municipal corporation, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR SANCTIONS UNDER**
**FEDERAL RULE OF CIVIL PROCEDURE 11**

Defendant, Pace Suburban Bus Division of the Regional Transportation Authority ("Pace"), by and through its attorneys, Thomas G. Draths and Clare J. Quish of Schuyler, Roche & Crisham, P.C., respectfully moves this Court pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") to impose sanctions against Plaintiff Dwight Ryan and his counsel, David Lee, in connection with Plaintiff's continued pursuit of his complaint against Pace in light of documents which show that this complaint no longer has (and never did have) any factual or legal support. In support of this motion, Pace states as follows:

**INTRODUCTION**

1. In this action, Plaintiff alleges that Pace discriminated against him in terminating his employment in violation of the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). Plaintiff was an Inspection Technician at Pace. Plaintiff was separated from employment on February 20, 2009, after a functional capacity evaluation performed by an orthopedic specialist determined that he did not have the ability to perform the essential work requirements of the Inspection Technician position. His short term benefit had

1

779969

been exhausted by that time.

2. Plaintiff filed his initial complaint on February 22, 2011. [D.E. 1]. After Pace filed a motion to dismiss, Plaintiff filed his First Amended Complaint on May 19, 2011. [D.E. 13].

3. Thereafter, this Court granted in part and denied in part Pace's motion to dismiss Plaintiff's First Amended Complaint. [D.E. 19-20]. The sole surviving claims of Plaintiff's First Amended Complaint allege FMLA Interference, ADA Discrimination, and ADA Retaliation. [D.E. 13, 19-20].

4. Pace answered the First Amended Complaint on August 22, 2011. [D.E. 21].

5. The parties then engaged in written discovery. Through this discovery process, Pace learned that in November, 2011, Plaintiff applied for Social Security disability benefits from the Social Security Administration. Pace asked Plaintiff for all documents relating to Plaintiff's request for, and potential receipt of, any Social Security disability benefits. When Plaintiff refused to produce any documents, Pace filed a motion to compel Plaintiff to produce all such documents and to require Plaintiff to sign a consent form so that Pace could obtain Plaintiff's entire file from the Social Security Administration. At the court hearing on this motion on February 16, 2012, (and at the urging of this Court), Plaintiff's counsel finally agreed to provide the signed consent form. It later became apparent that at the time Plaintiff resisted the Motion to Compel, he already was aware that the Social Security Administration had granted his application.

6. On March 12, 2012, Pace received Plaintiff's file from the Social Security Administration. The documents revealed for the first time that the Social Security Administration granted Plaintiff's request for total disability benefits on <u>February 13, 2012</u>. The Social Security Administration adjudged Plaintiff to be disabled and totally unable to work in any gainful

employment as of October 31, 2008, which was several months <u>before</u> his separation from employment with Pace. (See Exhibit 1). These documents also show that Plaintiff made many factual statements to the Social Security Administration about his inability to perform <u>any</u> full or part-time employment or hold any job.

7. On March 13, 2012, Pace's counsel wrote Plaintiff's counsel about the fact that the Social Security Administration adjudged Plaintiff disabled as of October 31, 2008, and noted Plaintiff's admission concerning his inability to work. Pace pointed out that, based on the Social Security Administration's determination and federal case law interpreting the Administration's regulations and the ADA, there was no sound basis in fact or law for Plaintiff to continue to pursue his complaint for disability discrimination or FMLA interference against Pace. Pace demanded that Plaintiff withdraw his complaint with prejudice within 21 days. (See Ex. 2). Plaintiff's counsel did not respond.

## **LEGAL STANDARD**

8. Rule 11 provides in relevant part that every pleading or other paper signed by a party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the paper:

> (1) is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims. . . and other legal contentions therein are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.Pro. 11(a) and (b).

9. One of the basic purposes of Rule 11 is to "deter baseless filing in the district

779969

court. . . " *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L. Ed. 2d 359 (1990). Under Rule 11(c), a district court may impose sanctions on a party or her counsel for failing to comply with Rule 11(b). Fed.R.Civ.Pro. 11(c); *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) ("a court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, [or] without factual foundation. . . ").

## ARGUMENT

I. **THERE IS NO BASIS IN FACT OR LAW FOR PLAINTIFF TO CONTINUE TO PURSUE THE COMPLAINT FOR ALLEGED VIOLATIONS OF THE ADA AND FMLA AFTER THE SOCIAL SECURITY ADMINISTRATION ADJUDGED PLAINTIFF WAS TOTALLY DISABLED BEFORE HIS SEPARATION FROM EMPLOYMENT FROM PACE.**

10. A review of Plaintiff's complaint and the documents Pace recently received from the Social Security Administration shows that Plaintiff no longer (if ever) has any sound basis in fact or law to continue to proceed with this lawsuit. The documents prove that Plaintiff's ADA and FMLA claims against Pace are not warranted by existing law and that the factual contentions within his complaint no longer provide any evidentiary support.

11. A plaintiff's receipt of Social Security disability benefits may negate an essential element of his disability discrimination claim. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). In order to qualify for Social Security disability benefits, an individual must show that he is "unable to do his previous work" and that he "cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). These are substantial burdens of proof for a claimant. Plaintiff met the burdens, which may be good news for him on the Social Security front, but which nullify his claim here.

12. Although claiming disability benefits and asserting a disability discrimination claim are not always mutually exclusive, a "plaintiff's sworn assertion in an application for

779969

disability benefits that she is, for example, 'unable to work' will appear to negate an essential element of her [disability discrimination] case – at least if she does not offer a sufficient explanation." *Cleveland*, 526 U.S. at 806. To be sufficient, an explanation must "warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions of her job, with, or without 'reasonable accommodation.'" *Cleveland*, 526 U.S. at 807. *See also Johnson v. ExxonMobil Corp.*, 426 F.3d 887, 892 (7th Cir. 2005). A disability discrimination complainant "cannot simply ignore her [Social Security Disability Insurance] contention that she was too disabled to work." *Cleveland*, 526 U.S. at 798.

13. In this case, Plaintiff's receipt of Social Security disability benefits, retroactive to a date <u>before</u> he left employment with Pace, prevents him from pursuing his complaint against Pace. (See Exhibit 1). His continued prosecution of this action after being provided documents showing his complaint to be baseless is sanctionable. The Social Security Administration's determination that Plaintiff was completely disabled as of October 31, 2008, proves that Plaintiff could not work at Pace, with or without a reasonable accommodation, from October 31, 2008, onward; and therefore, Pace had a legitimate and nondiscriminatory basis upon which to terminate his employment. Plaintiff's ADA and FMLA claims against Pace must fail.

14. Additionally, a plaintiff's purely factual statements made to the Social Security Administration concerning the effects of his disability will judicially estop a plaintiff from making contrary factual statements in a separate legal proceeding. *See Cleveland*, 526 U.S. at 802; *Butler v. Village of Round Lake Police Dept.*, 585 F.3d 1020, 1022 (7th Cir. 2009); *Mitchell v. Washingtonville Central Sch. Dist.*, 190 F.3d 1, 6 (2nd Cir. 1999).

15. Judicial estoppel provides that a party who prevails on one ground in a prior

proceeding cannot turn around and deny that ground in a subsequent proceeding. *Butler*, 585 F.3d at 1022. Judicial estoppel also "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding." *Mitchell*, 190 F.3d at 6. "It is an equitable concept designed to protect the integrity of the judicial process and 'to prevent litigants from 'playing fast and loose with the courts.'" [citations omitted]. *Butler*, 585 F.3d at 1022. Statements made to administrative agencies, such as to the Social Security Administration in applying for disability benefits, may give rise to judicial estoppel. *Mitchell*, 190 F.3d at 6.

16. Plaintiff's receipt of Social Security disability benefits and his factual statements made within the Social Security process, and in furtherance of his application for benefits, judicially estop him from making inconsistent statements now and from proceeding with his disability discrimination and FMLA claims alleged against Pace.

17. In order to obtain Social Security disability benefits, Plaintiff stated that he was unable to work as an Inspection Technician, and in fact, that he was unable to hold <u>any</u> full or part-time employment at all, because of his disabling condition. (See Exhibit 3). In this case, in order to claim damages in his disability discrimination and FMLA claims, Plaintiff alleged that he is, or at least was, able to perform his duties as an Inspection Technician. <u>"This is just the kind of about-face judicial estoppel seeks to prevent."</u> *Butler*, 585 F.3d at 1023 (emphasis added).

18. Specifically, in his application to the Social Security Administration, Plaintiff stated: he cannot hold any full-time or part-time employment due to his disability; he stopped working on October 31, 2008, because of his condition; he cannot do any auto repair and rebuilding; he can lift only up to four to five pounds, stand only for one to two minutes, walk for

6

only 5 to 15 minutes and sit for only 10 to 20 minutes; his memory is affected by his pain and lack of sleep; he has trouble completing tasks and working in steps, "many times giving up before completion;" he has difficulty concentrating, understanding, following instructions and getting along with others due to his back pain, lack of sleep and depression; he can only stay awake for about one to two hours because he must lay down due to the pain, depression and lack of sleep; he can walk only for 200-300 feet before he wears out, which can "wreck" him for one to three days; he cannot pay attention very long, but stated that he was "still kind of ok with driving short distances;" and he cannot finish what he starts, such as a conversation or watching a movie, due to his poor memory. (See Ex. 3).

19. Plaintiff's admissions to the Social Security Administration prove that Plaintiff has unfortunate physical limitations which render him unable to work <u>at all</u>, even with a reasonable accommodation, and that he could not work <u>at all</u> as of October 31, 2008, which is several months <u>before</u> he left employment with Pace. Plaintiff must abandon his claims here.

20. Based on Plaintiff's admissions to the Social Security Administration and the other information set forth in those documents, under Federal Rule of Civil Procedure 11(b), the claims alleged in Plaintiff's complaint are not warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law. Additionally, the factual contentions alleged in Plaintiff's complaint no longer have any evidentiary support, and in fact, are contradicted by Plaintiff's admissions to the Social Security Administration.

Under Rule 11, the moving party, Pace, must give the responding party, Plaintiff, 21 days to correct, amend or dismiss the pleading at issue. Here, Plaintiff has been given 21 days

779969

from the date of service hereof (April 3, 2012) to withdraw the complaint signed and filed in violation of Rule 11.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendant, Pace Suburban Bus Division of the Regional Transportation Authority respectfully requests that this Court impose sanctions pursuant to Federal Rule of Civil Procedure 11 against Plaintiff Dwight Ryan and his attorney David Lee, which should include:

(a) Pace's costs for bringing this motion;

(b) Reasonable attorneys fees and costs incurred by Pace in defending against Plaintiff's frivolous lawsuit; and

(c) Any other relief this Court may deem to be just and proper.

                                                Respectfully Submitted,

                                                Pace Suburban Bus Division of the Regional Transportation Authority

                                                By: ___/s/ Thomas G. Draths
                                                          One of Its Attorneys

Thomas G. Draths (ARDC # 3127901)
Clare J. Quish (ARDC # 6272898)
SCHUYLER, ROCHE, & CRISHAM, PC
130 East Randolph Street, Suite 3800
Chicago, Illinois 60601
(312) 565-2400

779969